IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

VANESSA A. ELLIOTT                                                                                        PLAINTIFF

vs.                                         Civil No. 1:08-cv-01002

MICHAEL J. ASTRUE                                                                                        DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Vanessa A. Elliott ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed her application for SSI on September 22, 2005.  (Tr. 14, 46-48).  Plaintiff alleged she was disabled due to back, left foot, and knee problems; anemia; headaches, depression, and leg pain.  (Tr. 35).  Plaintiff alleged an onset date of July 31, 2005.  (Tr. 14, 35).  This application was initially denied on March 1, 2006 and was denied again on reconsideration on

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

August 15, 2006. (Tr. 33-34).

On September 13, 2006, Plaintiff requested an administrative hearing on her application. (Tr. 29). This hearing was held on May 17, 2007 in El Dorado, Arkansas. (Tr. 167-195). Plaintiff was present and was represented by counsel, Denver Thornton, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Ken Waits testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had completed the twelfth grade. (Tr. 170).

On September 27, 2007, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 14-21). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 22, 2005, her application date. (Tr. 16, Finding 1). The ALJ determined Plaintiff had the following severe impairments: obesity; depression; occasional headaches; and arthritis of the back, feet, and knees. (Tr. 16, Finding 2). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16-17, Finding 3).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 17-20, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and allegedly disabling symptoms. *See id.* Based upon this review, the ALJ discounted Plaintiff's subjective complaints stating:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

(Tr. 19). Second, the ALJ reviewed all the evidence in the record and hearing testimony and

determined Plaintiff's RFC. (Tr. 17-20). Specifically, the ALJ determined Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work except that the claimant's moderate limitation in concentration, persistence, and pace will limit the claimant to simple one-two step, routine, repetitive work.

(Tr. 17, Finding 4). *See* 20 C.F.R. § 416.967(a) (2008).

The ALJ then determined Plaintiff would be unable to perform her Past Relevant Work ("PRW") but would be able to perform other work existing in significant numbers in the national economy. (Tr. 20-21, Findings 5, 9). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 167-195). The VE testified that Plaintiff's PRW included work as a store laborer (light, unskilled), short order cook (medium, unskilled), cashier II (medium, unskilled), home attendant (sedentary to light, unskilled), lumber handler (light, unskilled), and poultry dressing worker (light, unskilled). (Tr. 190-191). The VE testified that a hypothetical person the same age as Plaintiff and with the same education, work experience, and RFC as Plaintiff would be unable to perform Plaintiff's PRW. (Tr. 191-192).

The VE also testified, however, that the same hypothetical individual would be able to perform other work existing in significant numbers in the national economy. (Tr. 192-193). Specifically, the VE testified that this hypothetical individual could perform work as a lamp-shade assembler (sedentary, unskilled) with 59,000 such jobs in the United States and 1,000 such jobs in the State of Arkansas. (Tr. 192-193). Based upon this testimony, the ALJ determined that there were a significant number of jobs in the economy which Plaintiff would be able to perform and that Plaintiff had not been under a "disability," as defined by the Act, for any continuous twelve-month period of time from September 22, 2005, the date her application was filed, until September 27,

2007, the date of the ALJ's decision. (Tr. 21, Finding 10).

On October 1, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 8). *See* 20 C.F.R. § 404.968. On January 10, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on January 15, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7-8). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*,

160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (1) the ALJ erred by failing to evaluate her subjective complaints pursuant to *Polaski* and (2) the ALJ erred by posing a defective hypothetical to the VE. (Doc. No. 7, Pages 1-19). In response, Defendant claims the ALJ properly

developed the record, the ALJ properly discredited Plaintiff's subjective complaints and determined her RFC, and the ALJ properly relied upon the VE's testimony in response to his hypothetical questions. (Doc. No. 8, Pages 1-14). Because this Court finds the ALJ improperly evaluated Plaintiff's subjective complaints, this Court will only address Plaintiff's first issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.  *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ essentially performed no *Polaski* analysis.  Although the ALJ *listed* the *Polaski* factors, the ALJ *did not examine* the factors and did not state inconsistencies between Plaintiff's claims and the record as required by *Polaski*.  *See id.*  Instead, the ALJ merely provided a summary of Plaintiff's medical records, stated some inconsistencies between Plaintiff's testimony and her medical records, and then stated the following:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

(Tr. 19).  This analysis is insufficient.  As noted by Plaintiff in her appeal brief, the ALJ did not properly consider her extensive work history for GM; her daily activities; the duration, frequency, and intensity of her pain; all Plaintiff's treatment records; and other evidence included in the transcript.  (Doc. No. 7, Pages 4-16).  On remand, the ALJ is required to fully evaluate Plaintiff's subjective complaints in accordance with the standard set forth above.

## 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A

judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 12th day of December, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE